IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


BARBARA DANIELS, )
)
Plaintiff, )
) Civil Action No. 14-1118
v. )
) Chief Magistrate Judge Maureen P. Kelly
UNIVERSITY OF PITTSBURGH )
MEDICAL CENTER, ) Re: ECF No. 11
)
Defendant. )


**MEMORANDUM OPINION**


**KELLY, Chief Magistrate Judge**

Presently before the Court is the Motion to Dismiss (ECF No. 11) filed by University of

Pittsburgh Medical Center ("Defendant"), pursuant to Federal Rule of Civil Procedure 12(b)(6)

with respect to all claims pled in Barbara Daniels' ("Plaintiff") Complaint of August 26, 2014

(ECF No. 3). Plaintiff's claims are asserted under Title VII of the Civil Rights Act of 1964, 42

U.S.C. § 2000e, *et seq.* ("Title VII"), and the Americans with Disabilities Act of 1990, 42 U.S.C.

§ 12101, *et seq.* ("ADA"). (*Id.*). This Court exercises subject-matter jurisdiction over Plaintiff's

claims pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1343 (civil rights). For

the reasons that follow, Defendant's Motion to Dismiss will be GRANTED, in part, and

DENIED, in part.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff is an African American female formerly employed as Internal Adjuster/ Research Support for Defendant[1] beginning April 15, 2011. (ECF No. 3 at 2). Plaintiff was supervised by Senior Director of Claims Operations Ronald Lacy, a Caucasian male. (*Id.*). At some point during her tenure, Plaintiff sought a work-related accommodation from Defendant for Lymphedema, which rendered Plaintiff unable to walk or sit for extended periods without ready access to a restroom to relieve the buildup of excess fluid in her body. (*Id.*). Defendant granted Plaintiff the ability to work from home as an accommodation. (*Id.*).

While working from home, Plaintiff experienced difficulties meeting performance expectations. (*Id.*). Plaintiff attributed these difficulties, in part, to technical issues she experienced while connecting to work via her home computer. (*Id.* at 3). Additionally, Plaintiff's job assignments were frequently changed prior to completion of pre-existing assignments and without adequate training or instruction. (*Id.*). Neither of these issues was factored into Plaintiff's performance reviews, and there was no discussion of the potential need for further accommodation in order for Plaintiff to complete her fluctuating duties satisfactorily. (*Id.*).

As a result of her inconsistent performance, Plaintiff was ultimately terminated on October 7, 2012. (*Id.* at 2). During Plaintiff's term of employment, Rebecca Shutter and Alexis Nestor, both Caucasian, held the same position as Plaintiff. (*Id.*). Neither had a disability

---

[1]     In its Memorandum of Law in Support of Defendant's Motion to Dismiss, Defendant asserts that Plaintiff was employed by UPMC Health Plan, and not by the University of Pittsburgh Medical Center – which is a separate and distinct entity. (ECF No. 12 at 1 n. 1; 17 at 1 n. 1). Defendant does not concede that it is the proper defendant in the current litigation. The Court notes, upon review of the docket of this matter, that Plaintiff's Civil Cover Sheet (ECF 3-1) names UPMC Health Plan as the Defendant in this action, while the caption of her Complaint identifies the Defendant as University of Pittsburgh Medical Center. (ECF No. 3).

requiring an accommodation similar to Plaintiff. (*Id.*). Nonetheless, Ms. Shutter and Ms. Nestor

also failed to meet performance standards. (*Id.*). Ms. Shutter was not terminated, however, and

while Ms. Nestor was initially terminated, she was later re-hired for the same position. (*Id.*).

Plaintiff thereafter filed her Complaint[2] in this Court on August 26, 2014. (ECF No. 3).

Plaintiff alleges therein that Defendant's conduct towards her throughout the duration of her

employment and at the time of her termination constituted race-based disparate treatment in

violation of Title VII, and disability-based disparate treatment in violation of the ADA. (ECF

No. 3 at 3). Plaintiff's Civil Cover Sheet also includes an unspecified claim under 42 U.S.C. §

1983, but Plaintiff does not explicitly address this claim. (ECF No. 3-1 at 1). In response to the

Complaint, Defendant filed a Motion to Dismiss Complaint pursuant to Fed. R. Civ. P. 12(b)(6)

on February 3, 2015, with an accompanying Memorandum of Law. (ECF Nos. 11, 12). Plaintiff

filed her Reply and accompanying brief on March 4, 2015. (ECF Nos. 14, 15). Defendant filed

its Reply on March 18, 2015. (ECF No. 17). The matter is now fully briefed and ripe for

disposition.

## II.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain a short and

plain statement of a claim, and show that the pleader is entitled to relief. Dismissal of a

complaint or portion of a complaint is warranted under Federal Rule of Civil Procedure 12(b)(6)

when a claimant fails to sufficiently state a claim upon which relief can be granted. Avoiding

dismissal under Rule 12(b)(6) requires a pleading party's complaint to provide "enough factual

---

[2]     Plaintiff contends, although it was not affirmatively pled in her Complaint, that she properly exhausted all required administrative remedies with the Pennsylvania Human Relations Commission and Equal Employment Opportunity Commission prior to filing her Complaint with this Court. Defendant argues that this omission requires dismissal. The adequacy of Plaintiff's pleadings will be addressed in this Court's Discussion, *infra* at 9.

matter" to allow the case to move beyond the pleading stage of litigation; the pleader must

"'nudge his or her claims across the line from conceivable to plausible.'" *Phillips v. County of*

*Allegheny*, 515 F. 3d 224, 234 – 35 (3d Cir. 2008) (quoting *Bell Atlantic Co. v. Twombly*, 550

U.S. 544, 556, 570 (2007)).

In assessing the merits of a claim subject to a motion to dismiss, a court must engage in a

two-part analysis. *Fowler v. UPMC Shadyside*, 578 F. 3d 203, 210 – 11 (3d Cir. 2009). First,

factual and legal elements of a claim must be distinguished. *Id.* Second, it must be determined

whether the facts as alleged support a "plausible claim for relief." *Id.* In making the latter

determination, the court must be mindful that the matter pleaded need not include "detailed

factual allegations," *Phillips*, 515 F. 3d at 231 (quoting *Twombly*, 550 U.S. at 555), and the court

must construe all alleged facts, and draw all inferences gleaned therefrom, in the light most

favorable to the non-moving party. *Id.* at 228 (citing *Worldcom, Inc. v. Graphnet, Inc.*, 343 F. 3d

651, 653 (3d Cir. 2003)). Moreover, a pleading party need only "put forth allegations that 'raise

a reasonable expectation that discovery will reveal evidence of the necessary element[s].'"

*Fowler*, 578 F. 3d at 213 (quoting *Graff v. Subbiah Cardiology Associates, Ltd.*, 2008 WL

2312671 (W.D. Pa. June 4, 2008)). A well-pleaded complaint, even when "it strikes a savvy

judge that actual proof of . . . facts is improbable," will not be dismissed as long as the pleader

demonstrates that his or her claim is plausible. *Phillips*, 515 F. 3d at 234 (quoting *Twombly*, 550

U.S. at 555 – 56). Additionally, when a Plaintiff proceeds *pro se*, the Court must interpret his or

her pleadings liberally. *Rhett v. New Jersey State Superior Court*, 260 Fed. App'x 513, 515 (3d

Cir. 2008) (citing *Erikson v. Pardus*, 551 U.S. 89, 94 (2007)) ("[A] *pro se* complaint, however

inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by

lawyers").

Nevertheless, the facts provided do need to raise the expectation of relief above a purely speculative level, and must include more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Phillips*, 515 F. 3d at 231 – 32 (quoting *Twombly*, 550 U.S. at 554 – 56). Rule 8(a)(2) "requires a 'showing' rather than a blanket assertion of an entitlement to relief." *Id.* at 232. "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Fowler*, 578 F. 3d at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Through its Motion to Dismiss, Defendant contends that Plaintiff's ADA and Title VII claims are time-barred. A statute of limitations is an affirmative defense which is typically raised in an answer. Fed.R.Civ.P. 8(c)(1). However, "the limitations defense may be raised on a motion under Rule 12(b)(6) ... if 'the time alleged in the statement of the claim shows that the cause of action has not been brought within the statute of limitations.'" *Bethel v. Jendoco Const. Corp.*, 570 F.2d 1168, 1174 (3d Cir. 1978) (quoting *Hanna v. U.S. Veterans' Admin. Hosp.*, 514 F.2d 1092, 1094 (3d Cir. 1975)). Further, Defendant's reliance on a statute of limitations may be considered to the extent documents of public record establish that Plaintiff's causes of action against the named Defendants have not been brought within the applicable limitations period for each of her claims. *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014).

III.    DISCUSSION

A. Timeliness of Complaint

In its Motion to Dismiss, Defendant begins by arguing that Plaintiff's claims are time-barred. (ECF No. 12 at 4 – 7). Defendant states Plaintiff filed a complaint with the Pennsylvania Human Relations Commission ("PHRC") on September 19, 2012 (Case No. 201201222), and amended her complaint on February 28, 2013. (ECF No. 12 at 1-2). Plaintiff

filed a second complaint with the PHRC on February 28, 2013 (Case No. 201203280). (*Id.*).

Plaintiff dual filed both complaints (Charge Nos. 17F-2013-60712 and 17F-2013-60713) with

the United States Equal Employment Opportunity Commission ("EEOC"). (*Id.*). In the

complaints presented to the PHRC and EEOC, Plaintiff made charges of discrimination based

upon disability and race. (*Id.*).

After conducting an investigation, the PHRC failed to find sufficient evidence to credit

Plaintiff's claims of discrimination. (ECF Nos. 12 at 2, 12-1, 12-2). Subsequently, the EEOC

adopted the findings of the PHRC, and issued Dismissal and Notice of Rights letters ("right-to-

sue letters") to Plaintiff on April 9 and 16, 2014, with regard to both of Plaintiff's complaints.

(ECF Nos. 12 at 2, 12-3, 12-4). Both right-to-sue letters indicate that Plaintiff retained the right

to independently pursue her claims in court within 90 days of receipt of the letters. (*Id.*).

Plaintiff ultimately filed the present Complaint in this Court on August 26, 2014, well beyond

the 90 day period.

Plaintiff failed to affirmatively plead the above facts in her Complaint; however, in her

opposition to Plaintiff's Motion to Dismiss, Plaintiff concedes the veracity of Defendant's

recitation of the above facts. (ECF No. 15 at 1). Nonetheless, she requests that the Court

disregard the 90 day time bar in accordance with the principle of equitable tolling, because she

was "homeless and was forced to leave Pittsburgh and reside with a parent for many months."

(ECF No. 14 at 1).

Treated as a statute of limitations, the 90 day period within which a claimant must file a

complaint after receiving a right-to-sue letter "is strictly enforced and a delay of even one day

will bar a claim." *Burgh v. Borough Council of the Borough of Montrose*, 251 F. 3d 465, 472

(3d Cir. 2001) (citing *Figueroa v. Buccaneer Hotel, Inc.*, 188 F. 3d 172, 176 – 87 (3d Cir.

1999)).  Equitable tolling may allow a plaintiff to avoid dismissal when it appears that the

passage of a limitations period would bar a discrimination claim; but, the appropriateness of

equitable tolling has been recognized in only three circumstances: "(1) where the defendant has

actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in

some extraordinary way has been prevented from asserting his or her rights; or (3) where the

plaintiff asserted his or her rights mistakenly in the wrong forum."  *Hanani v. New Jersey Dep't*

*of Envtl. Prot.*, 205 F. App'x 71, 76 – 77 (3d Cir. 2006) (quoting *Oshiver v. Levin, Fishbein,*

*Sedran & Berman*, 38 F. 3d 1380, 1387 (3d Cir. 1994)).  The above notwithstanding, equitable

relief is to be extended only sparingly.  *Robinson v. Dalton*, 107 F. 3d 1018, 1023 (3d Cir. 1997).

The "procedural requirements established by Congress for gaining access to the federal courts

are not to be disregarded by courts out of a vague sympathy for particular litigants."  *Seitzinger*

*v. Reading Hospital and Medical Ctr.*, 165 F. 3d 236, 240 (3d Cir. 1999) (quoting *Baldwin*

*County Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984)).

 In this case, Plaintiff's argument appears to invoke the second justification for equitable

tolling: extraordinary circumstances.  This principle provides for the tolling of a limitations

period for an otherwise untimely action when an exceptional or extraordinary circumstance

"prevents a plaintiff from asserting a right despite the exercise of reasonable diligence."  *Hanani*,

205 F. App'x at 77 (citing *Merritt v. Blaine*, 326 F. 3d 157, 168 (3d Cir. 2003)).  Reasonable

diligence is the key determinative factor, here, and the burden of demonstrating extraordinary

circumstances warranting equitable tolling falls upon Plaintiff.  *Rogan v. Giant Eagle, Inc.*, 113

F. Supp. 2d 777, 789 (W.D. Pa. 2000).

 However unfortunate Plaintiff's living situation following her termination by Defendant,

Plaintiff has not demonstrated to this Court that she exercised reasonable diligence in pursuing

her claims. Plaintiff has not provided this Court with any information regarding the duration of her homelessness, or the particular state of her homelessness. Plaintiff does not differentiate between whether she was homeless in the sense that she was living on the street or in a shelter, or whether she simply moved in with her parents due to unspecified financial or other circumstances – as she seems to indicate. If Plaintiff was "homeless" only to the extent that she needed to move in with her parents, this constitutes nothing more than a change of address. Having changed address without informing either the PHRC or EEOC, resulting in a failure to receive the right-to-sue letters, is not the exercise of reasonable diligence. *Oloo v. Bloomberg LP*, 2013 WL 706292 at * 3 (D. N.J. Feb. 26, 2013); *Carl v. Western-Southern Life Ins. Co.*, 2010 WL 3860432 (E.D. Pa. Sept. 30, 2010).

If Plaintiff was homeless prior to moving in with her parents, she has failed to provide any evidence to this Court to allow for a determination as to the degree of diligence exercised. What this Court is able to discern from the pleadings, as a whole, is that following her termination, Plaintiff was capable of filing grievances with the PHRC and EEOC, was ultimately capable of obtaining her right-to-sue letters, and was also able to file a complaint in this Court. Plaintiff has provided no other information with respect to her inability to inform either the PHRC or EEOC of her living situation and/or to make arrangements for the receipt of notice of the agencies' ultimate determinations. This is insufficient to satisfy Plaintiff's substantial burden of demonstrating that despite the exercise of reasonable diligence, extraordinary circumstances prevented her from filing a claim prior to the expiration of the 90 day period. Indeed, no evidence is provided which indicates that *any* degree of diligence was exercised.

As such, this Court is compelled to find that, even viewing the evidence in the light most favorable to Plaintiff as the non-moving party, and construing her pleadings liberally, Plaintiff's

claims under Title VII and the ADA are time-barred. Defendants Motion to Dismiss will, therefore, be granted. However, the Court is not persuaded that this deficiency is incapable of being cured by way of amendment. Accordingly, this claim will be dismissed without prejudice. In order to support her request for equitable tolling, Plaintiff may file an amended complaint detailing the exceptional or extraordinary event that prevented her from initiating this lawsuit.

### B. Failure to Allege Exhaustion of Administrative Remedies

Defendant next contends that Plaintiff's Complaint should be dismissed due to her failure to affirmatively plead that she exhausted her administrative remedies prior to filing the Complaint. "It is a basic tenet of administrative law that a plaintiff must exhaust all required administrative remedies before bringing a claim for judicial relief." *Slingland v. Donahoe*, 542 F. App'x 189, 191 (3d Cir. 2013) (quoting *Robinson v. Dalton*, 107 F. 3d 1018, 1020 (3d Cir. 1997)). It necessarily follows that a complaint which does not allege meeting all the preconditions to filing suit pursuant to Title VII or the ADA, i.e. exhausting all administrative remedies, does not state a claim upon which relief may be granted. *Id.* (citing *Robinson*, 107 F. 3d at 1022); *Williams v. East Orange Cmty. Charter School*, 396 F. App'x 895, 897 (3d Cir. 2010) (citing *Antol v. Perry*, 82 F. 3d 1291, 1296 (3d Cir. 1996)). As such, a motion for dismissal of a claim in accordance with Rule 12(b)(6) may be granted when a defendant has demonstrated that a plaintiff has not exhausted his or her administrative remedies. *Slingland*, 542 F. App'x 191 (citing *Williams v. Runyon*, 130 F. 3d 568, 573 (3d Cir. 1997)).

Far from satisfying such a burden, here, Defendants have in actuality set out with particularity the steps which Plaintiff took to exhaust her administrative remedies with the PHRC and EEOC. While Plaintiff clearly failed to articulate said information in her pleadings, Defendant does not argue that Plaintiff failed to exhaust her administrative remedies, only that

she failed to *plead* exhausting her administrative remedies. *See Slingland*, 542 F. App'x at 191 n. 3 ("exhaustion is not an element of a Title VII claim, but rather 'an affirmative defense, for which the defendant bears the burden of pleading'"). As there is no question regarding whether Plaintiff availed herself of all the administrative remedies available, the Court will not dismiss Plaintiff's Complaint on this basis.

### C. Section 1983 Claim

Lastly, as to Plaintiff's purported 42 U.S.C. § 1983 claim, Defendant's argument for dismissal is well taken. In order to establish a *prima facie* case in accordance with § 1983, a plaintiff must show that: "(1) a person deprived [him or her] of a federal right; and (2) the person who deprived [him or her] of that right acted under state or territorial law." *Burella v. City of Philadelphia*, 501 F. 3d 134, 139 (3d Cir. 2007) (quoting *Groman v. Twp. of Manalapan*, 47 F. 3d 628, 633 (3d Cir. 1995)). Plaintiff has made no such showing, and indeed, Plaintiff never addressed Defendant's arguments about a § 1983 claim in any of her responsive pleadings. It is likely that Plaintiff's notation on her civil cover sheet regarding a § 1983 claim was made in error. Regardless, this Court is compelled to dismiss any § 1983 claim which may have been intended by Plaintiff. Further, because it appears highly unlikely that Plaintiff would be able to meet the above pleading requirements for such a claim, i.e. that she was deprived of a federal right by a party acting under color of law, said claim will be dismissed with prejudice. *See Phillips v. County of Allegheny*, 515 F. 3d 224, 245 – 46 (3d Cir. 2008) (dismissal with prejudice is appropriate when leave to amend would be futile).

## IV.     CONCLUSION

Defendant's Motion to Dismiss is granted, in part, and denied, in part. Plaintiff's claims under Title VII and the ADA will be dismissed as time-barred. However, Plaintiff will be given

leave to amend her Complaint to demonstrate that she meets the requirements for equitable

tolling. As it has been established that she exhausted her administrative remedies prior to

bringing her Complaint, Plaintiff's Title VII and ADA claims will not be dismissed on this basis.

Plaintiff's Section 1983 claim, to the extent such claim exists, is dismissed with prejudice.

To the extent that Plaintiff wishes to file an Amended Complaint, she must do so by June

12, 2015. The amendment of the Complaint is only permitted as to the requirements of equitable

tolling. An appropriate Order follows.

## ORDER

AND NOW, this 14th day of May, 2015, upon consideration of Defendant's Motion to

Dismiss (ECF No. 11), and the briefs and response filed in support and in opposition there to

(ECF Nos. 12, 14, 15 and 17), IT IS HEREBY ORDERED that Defendant's Motion to Dismiss

is granted in part and denied in part as follows:

1. Defendant's Motion to Dismiss Plaintiff's ADA and Title VII claims as time-barred is

granted without prejudice. Plaintiff may file an Amended Complaint setting forth the exceptional

or extraordinary events that prevented her from initiating this lawsuit;

2. Defendant's Motion to Dismiss Plaintiff's Complaint for failing to affirmatively plead

that she exhausted her administrative remedies prior to filing the Complaint is denied; and,

3. Defendant's Motion to Dismiss Plaintiff's 42 U.S.C. § 1983 claim is granted;

Plaintiff's Section 1983 claim is dismissed with prejudice.

IT IS FURTHER ORDERED that, pursuant to Rule 4(a)(1) of the Federal Rules of

Appellate Procedure, if the Plaintiff wishes to appeal from this Order he or she must do so within

thirty (30) days by filing a notice of appeal as provided in Rule 3, Fed. R. App. P., with the Clerk

of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.


                                        /s/ Maureen P. Kelly
                                        MAUREEN P. KELLY
                                        CHIEF UNITED STATES MAGISTRATE JUDGE


cc:     All counsel of record by Notice of Electronic Filing

        Barbara Daniels
        10615 Lindberg Avenue
        Pittsburgh, PA 15235